UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| VIRGINIA LOO FARRIS<br>350 G Street, S.W.<br>Washington, D.C. 20024,<br><br>   Plaintiff<br><br>vs.<br><br>CONDOLEEZZA RICE<br>SECRETARY OF STATE<br>DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20510<br><br>Serve:<br>Condoleezza Rice<br>23rd and C Street, NW<br>Washington, DC 20510<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Virginia Loo Farris ("Ms. Loo Farris"), by counsel, hereby complains and alleges as follows:

## NATURE OF CASE

1.   This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., by Ms. Loo Farris, against Defendant Condoleezza Rice, as Secretary of State for the Department of State (the "Defendant") for unlawful discrimination and retaliation. Defendant the Department of State did not choose Ms. Loo Farris for certain positions in the 1999 bidding cycle

(and in the 200, 2003 and 2004 bidding cycles), and unlawfully retaliated against Ms. Loo Farris by investigating her, removing Ms. Loo Farris from two Deputy Chief of Mission short lists, denying her training and assignment after her tentative selection as Public Affairs Counselor Beijing, denying her another assignment by apparently withdrawing an open assignment when Ms. Loo Farris was possibly the only bidder, and by, in the absence of other bidders, deferring consideration of her assignment as Public Affairs Counselor in Riyadh, thereby denying her training and follow-on assignment. By engaging in such retaliation, the Department of State denied Ms. Loo Farris the opportunity to remain in the Foreign Service by withholding opportunities that would allow for an extension of her "Time in Class ("TIC"), thereby compelling Ms. Loo Farris to retire.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the FLSA and Title VII claims under 28 U.S.C. §1331, and because the U.S. government is a Defendant.

3.  Venue is proper in this District and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.  Plaintiff Virginia Loo Farris ("Ms. Loo Farris") is a resident of Washington, D.C. Ms. Loo Farris, an Asian-American woman and a native of Hawaii, has dedicated over thirty-three (33) years to the U.S. Foreign Service. She is a loyal U.S. government employee and is the recipient of awards for meritorious and superior performance from the United States Information Agency, Department of Defense, as well as the Department of State.

5.  The Department of State, her employer, is a branch of the U.S. government also

2

based in Washington, D.C.

## FACTS

5. In August of 1998, Ms. Loo Farris was assigned as the Public Affairs Officer at the U. S. Embassy Bangkok, Thailand. Ms. Loo Farris was accompanied by her spouse George Farris ("Mr. Farris"), her daughter, Florence, and her son, Geoffrey.

6. On December 16, 1998, the Ambassador, under Chief of Mission authority, revoked Ms. Loo Farris' spouse's diplomatic status in the country, and he departed Thailand.

7. Embassy personnel ignored Ms Loo Farris' requests as to how to address her family situation, and effectively refused to allow her to reunite her and her family during 1999.

8. Beginning no later than February 1999, management at the Embassy in Bangkok involuntarily separated her from her family. Through the guise of diplomatic security the Department threatened to revoke Ms. Loo Farris' security clearance, an action that would have led to her subsequent separation from the foreign service. Repeated threats took place regarding her security clearance and career prospects. Ms. Loo Farris complained on October 29, 1999, in a conversation with the Assistant Secretary for EEO, Deidre Davis, that she was being discriminated against as an Asian-American woman based on her treatment in Bangkok.

9. Mr. Farris left Thailand in December 1998, and by the fall of 1999, after extensive evaluation and relationship therapy, was medically cleared to return to Thailand by the Defendant's Office of Medical Services with the recommendation that the family be reunited and receive joint marital therapy, a medical recommendation that could not be implemented, unless Mr. Farris and Ms. Loo Farris were close to one another. Defendant denied Ms. Loo Farris' right to live with her family in Thailand.

10. During the fall of 1999, purportedly to help reunite her family, Ms. Loo Farris entered the 1999 bidding cycle to find a suitable position. She applied for a variety of positions consistent with her training, experience, and career development, as well as the need to accommodate the medical clearance classifications of her family. These included multifunctional positions that were crucial to her long-term career in the U.S. Foreign Service, as well as positions within her area of Public Diplomacy. Her bids complied with Departmental regulations, policy, and procedure. As required her bids were divided over three, or more, geographic areas (or Bureaus) and among those were East Asia & Pacific ("EAP"), Western Europe("WEU"), and Western Hemisphere Affairs ("WHA"). The assignments included, but were not limited to, Deputy Principal Officer, Taipei; Deputy Principal Officer, Hong Kong; Deputy Principal Officer, Canberra; Consular Affairs Officer, Hong Kong; Principal Officer, Shanghai; Office Director for East Asia Pacific/Regional & Security Policy Affairs; Office Director for East Asia Pacific/China and Mongolia; Deputy Chief of Mission, Bern; Deputy Chief of Mission, Brussels; Deputy US Representative – U.S. Mission, Geneva; Deputy Chief of Mission, USNATO; Deputy Principal Officer, US Mission to the UN Food & Agriculture Organization, Rome; Political Advisor, USNATO; Political Officer U.S. Mission to the European Union; Public Affairs Counselor, USNATO; Public Affairs Counselor, The Hague; Deputy Chief of Mission, Santo Domingo; Principal Officer, Rio de Janeiro; Principal Officer, Ciudad Juarez; and Diplomat in Residence at the Carter Center.

11. After bidding for more than thirty (30) positions she was ultimately selected for no position by the Department. Two positions in particular for which she was worthy of selection were a USNATO Political Counselor position, Political Advisor position in The

Netherlands, or The Hague, position. These positions were jobs that her chief of mission stressed she needed for preparation of consideration for most multifunctional assignments. Ms. Farris was denied the first two positions, and she also did not receive any multifunctional position.

12. White male candidates to Ms. Farris were selected for the Political Advisor position in the Netherlands and the US NATO position. In particular, the USNATO candidate selected was junior to Ms. Loo Farris in grade, training, and experience.

13. Ms. Loo Farris was also denied positions in the 2000, 2003 and 2004 bidding cycles.

14. Ms. Loo Farris, an Asian-American female was differently treated based on her gender and race, as compared to similarly situated white males. By the standards of Defendant the Department of State, including without limitation seniority, Ms. Farris was better qualified than the two candidates that were chosen for the US NATO and Hague positions.

15. A statistical analysis show that white males are disproportionately represented in the higher ranks of the Foreign Service, as compared to the overall population and as compared to the entering classes in the U.S. Foreign Service.

16. The statistical discrepancies are, if anything, more pronounced in the European Bureau of the Department of State, although progress has been made in this regard.

17. Ms. Loo Farris first made clear to the Deputy Chief of Mission that she felt that her work situation was being differently treated, due to her Asian-American background, early in 1999, and later in October 1999, to Ms. Davis, the Department's Chief EEO officer. She filed a formal EEO complaint on September 6, 2000.

18. Later, after Ms. Loo Farris filed a formal complaint, she was investigated for

collecting separate maintenance support, while in fact she was living separately from her husband due to an involuntary separation. The officer who initiated such investigation was a person Ms. Loo Farris had complained to regarding discrimination.

19. Ms. Loo Farris was denied further assignments and postings based on retaliation for EEO complaints, which are statutorily protected activities. In particular, without limiting the foregoing, she was told that due to proceedings concerning the dispute of her separate maintenance allowance, she would not be able to be posted as Public Affairs Counselor in Beijing. She later was denied a posting in Riyadh as well. She bid for a position in Jakarta, which was withdrawn, even though, based on information and belief, there were no other candidates.

20. Given the investigation over separate maintenance allowance, in retaliation for Ms. Loo Farris' EEO complaints, Ms. Farris' career was effectively truncated, as her retirement is effectively being compelled. In the competitive arena of the U.S. Foreign Service, such an investigation effectively precludes further promotion.

21. Ms. Loo Farris pursued her EEO complaint administratively, until it was denied by an Administrative Law Judge. She has exhausted her administrative remedies and now seeks to bring this claim in U.S. District Court.

## CLAIMS FOR RELIEF

### COUNT ONE -- UNLAWFUL DISCRIMINATION

22. The allegations of the other paragraphs in this Complaint are here realleged.

23. Ms. Loo Farris has fulfilled all jurisdictional requirements for filing a Title VII action.

24. Defendant the Department of State unlawfully discriminated against Plaintiff based

on her race and gender by: (1) choosing a white male over her for the post of US NATO Political Counselor, (2) choosing a white male over her for the post of Political Advisor in the Netherlands, and (3) by denying her any multifunctional assignment. Each of these three actions represents unlawful discrimination under Title VII.

25. The stated grounds for choosing other candidates over Ms. Loo Farris and/or denying her these assignments, namely that proper procedures were followed and other candidates legitimately were selected for the positions, was a pretext to conceal that Defendant passed over Ms. Loo Farris in part or wholly based on her race and gender. Procedural irregularities support that the proffered reasons for non-selection were pretextual.

26. Without an opportunity for training and assignment, Ms. Loo Farris cannot compete for a promotion and will be compelled to retire from the U.S. Foreign Service, depriving her of years of service at a higher level and benefit level.

27. As a direct and proximate result of this wrongful discrimination, Ms. Loo Farris has suffered and continues to suffer injury including loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

28. On information and belief, the conduct by Defendant the Department of State was actuated by ill will, recklessness, and willful disregard of Ms. Loo Farris' rights. Defendant engaged in the conduct with reckless indifference to Ms. Loo Farris' rights.

WHEREFORE, Ms. Loo Farris demands judgment against Defendant, the Department of State, for all lost income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses,

reinstatement of her career in the U.S. Foreign Service and a forward assignment, training and/or promotion, and other damages in an amount to be determined at trial, in the amount of $1,000,000, or the statutory maximum, punitive damages as allowed by law, interest, and reasonable attorneys' fees and expenses, and costs, and such other relief as this Court considers proper.

## VIOLATION OF TITLE VII

## COUNT TWO – UNLAWFUL RETALIATION

29. The allegations of the other paragraphs of the Complaint are here realleged.

30. Ms. Loo Farris has fulfilled all jurisdictional requirements for filing a Title VII action.

31. Defendant discriminated against Ms. Loo Farris in part or wholly in retaliation for Ms. Loo Farris making an EEO complaint regarding Defendant's treatment of her to an Embassy officer in Bangkok, to an EEO Officer, and by filing a formal EEO complaint.

32. The stated grounds for investigating Ms. Loo Farris' separate maintenance payments, namely an investigation for waste, fraud and abuse, was a pretext for Defendant to retaliate against Ms. Loo Farris in part or wholly for making an EEO complaint. In particular, the primary officer she complained to in Bangkok initiated the investigation of Ms. Loo Farris.

33. The investigation into separate maintenance allowance payments effectively denied Ms. Loo Farris favorable forward assignments and opportunities for promotion, thus truncating her career and compelling her early retirement, presently scheduled, on information and belief, for September 2006.

34. This retaliation against Ms. Loo Farris is ongoing, and has manifested itself in other ways. For example, Ms. Loo Farris was denied a position as Public Affairs Counselor in Beijing,

purportedly due to the investigation over her separate maintenance allowance. Ms. Loo Farris bid for an immediately open position in Jakarata, which, based on information and belief, was withdrawn from consideration, even though, based on information and belief, there were no other candidates.

35.   Defendant Department of State would reasonably foresee and expect that an investigation over separate maintenance payments would derail Ms. Loo Farris' career.

36.   As a direct and proximate result of this wrongful conduct, Ms. Loo Farris has suffered and continues to suffer injury including loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

37.   On information and belief, the conduct by Defendant was actuated by ill will, recklessness, willful disregard of Ms. Loo Farris's rights. Defendant engaged in the conduct with reckless indifference to Ms. Loo Farris' rights.

WHEREFORE, Ms. Loo Farris demands judgment against Defendant, the Department of State, for all lost income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses, reinstatement of her career in the U.S. Foreign Service and a forward assignment, training and/or promotion, and other damages in an amount to be determined at trial, in the amount of $1,000,000, or the statutory maximum, punitive damages as allowed by law, interest, and reasonable attorneys' fees and expenses, and costs, and such other relief as this Court considers proper.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| VIRGINIA LOO FARRIS<br>350 G Street, S.W.<br>Washington, D.C. 20024,<br><br>　　　　Plaintiff<br><br>vs.<br><br>CONDOLEEZZA RICE<br>SECRETARY OF STATE<br>DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC  20510<br><br>Serve:<br>Condoleezza Rice<br>23rd and C Street, NW<br>Washington, DC  20510<br><br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Virginia Loo Farris ("Ms. Loo Farris"), by counsel, hereby complains and alleges as follows:

### NATURE OF CASE

1.　　This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., by Ms. Loo Farris, against Defendant Condoleezza Rice, as Secretary of State for the Department of State (the "Defendant") for unlawful discrimination and retaliation. Defendant the Department of State did not choose Ms. Loo Farris for certain positions in the 1999 bidding cycle

(and in the 200, 2003 and 2004 bidding cycles), and unlawfully retaliated against Ms. Loo Farris by investigating her, removing Ms. Loo Farris from two Deputy Chief of Mission short lists, denying her training and assignment after her tentative selection as Public Affairs Counselor Beijing, denying her another assignment by apparently withdrawing an open assignment when Ms. Loo Farris was possibly the only bidder, and by, in the absence of other bidders, deferring consideration of her assignment as Public Affairs Counselor in Riyadh, thereby denying her training and follow-on assignment. By engaging in such retaliation, the Department of State denied Ms. Loo Farris the opportunity to remain in the Foreign Service by withholding opportunities that would allow for an extension of her "Time in Class ("TIC"), thereby compelling Ms. Loo Farris to retire.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the FLSA and Title VII claims under 28 U.S.C. §1331, and because the U.S. government is a Defendant.

3.  Venue is proper in this District and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.  Plaintiff Virginia Loo Farris ("Ms. Loo Farris") is a resident of Washington, D.C. Ms. Loo Farris, an Asian-American woman and a native of Hawaii, has dedicated over thirty-three (33) years to the U.S. Foreign Service. She is a loyal U.S. government employee and is the recipient of awards for meritorious and superior performance from the United States Information Agency, Department of Defense, as well as the Department of State.

5.  The Department of State, her employer, is a branch of the U.S. government also

based in Washington, D.C.

## FACTS

5. In August of 1998, Ms. Loo Farris was assigned as the Public Affairs Officer at the U. S. Embassy Bangkok, Thailand. Ms. Loo Farris was accompanied by her spouse George Farris ("Mr. Farris"), her daughter, Florence, and her son, Geoffrey.

6. On December 16, 1998, the Ambassador, under Chief of Mission authority, revoked Ms. Loo Farris' spouse's diplomatic status in the country, and he departed Thailand.

7. Embassy personnel ignored Ms Loo Farris' requests as to how to address her family situation, and effectively refused to allow her to reunite her and her family during 1999.

8. Beginning no later than February 1999, management at the Embassy in Bangkok involuntarily separated her from her family. Through the guise of diplomatic security the Department threatened to revoke Ms. Loo Farris' security clearance, an action that would have led to her subsequent separation from the foreign service. Repeated threats took place regarding her security clearance and career prospects. Ms. Loo Farris complained on October 29, 1999, in a conversation with the Assistant Secretary for EEO, Deidre Davis, that she was being discriminated against as an Asian-American woman based on her treatment in Bangkok.

9. Mr. Farris left Thailand in December 1998, and by the fall of 1999, after extensive evaluation and relationship therapy, was medically cleared to return to Thailand by the Defendant's Office of Medical Services with the recommendation that the family be reunited and receive joint marital therapy, a medical recommendation that could not be implemented, unless Mr. Farris and Ms. Loo Farris were close to one another. Defendant denied Ms. Loo Farris' right to live with her family in Thailand.

10.     During the fall of 1999, purportedly to help reunite her family, Ms. Loo Farris entered the 1999 bidding cycle to find a suitable position. She applied for a variety of positions consistent with her training, experience, and career development, as well as the need to accommodate the medical clearance classifications of her family. These included multifunctional positions that were crucial to her long-term career in the U.S. Foreign Service, as well as positions within her area of Public Diplomacy. Her bids complied with Departmental regulations, policy, and procedure. As required her bids were divided over three, or more, geographic areas (or Bureaus) and among those were East Asia & Pacific ("EAP"), Western Europe("WEU"), and Western Hemisphere Affairs ("WHA"). The assignments included, but were not limited to, Deputy Principal Officer, Taipei; Deputy Principal Officer, Hong Kong; Deputy Principal Officer, Canberra; Consular Affairs Officer, Hong Kong; Principal Officer, Shanghai; Office Director for East Asia Pacific/Regional & Security Policy Affairs; Office Director for East Asia Pacific/China and Mongolia; Deputy Chief of Mission, Bern; Deputy Chief of Mission, Brussels; Deputy US Representative – U.S. Mission, Geneva; Deputy Chief of Mission, USNATO; Deputy Principal Officer, US Mission to the UN Food & Agriculture Organization, Rome; Political Advisor, USNATO; Political Officer U.S. Mission to the European Union; Public Affairs Counselor, USNATO; Public Affairs Counselor, The Hague; Deputy Chief of Mission, Santo Domingo; Principal Officer, Rio de Janeiro; Principal Officer, Ciudad Juarez; and Diplomat in Residence at the Carter Center.

11.     After bidding for more than thirty (30) positions she was ultimately selected for no position by the Department. Two positions in particular for which she was worthy of selection were a USNATO Political Counselor position, Political Advisor position in The

4

Netherlands, or The Hague, position. These positions were jobs that her chief of mission stressed she needed for preparation of consideration for most multifunctional assignments. Ms. Farris was denied the first two positions, and she also did not receive any multifunctional position.

12.     White male candidates to Ms. Farris were selected for the Political Advisor position in the Netherlands and the US NATO position. In particular, the USNATO candidate selected was junior to Ms. Loo Farris in grade, training, and experience.

13.     Ms. Loo Farris was also denied positions in the 2000, 2003 and 2004 bidding cycles.

14.     Ms. Loo Farris, an Asian-American female was differently treated based on her gender and race, as compared to similarly situated white males. By the standards of Defendant the Department of State, including without limitation seniority, Ms. Farris was better qualified than the two candidates that were chosen for the US NATO and Hague positions.

15.     A statistical analysis show that white males are disproportionately represented in the higher ranks of the Foreign Service, as compared to the overall population and as compared to the entering classes in the U.S. Foreign Service.

16.     The statistical discrepancies are, if anything, more pronounced in the European Bureau of the Department of State, although progress has been made in this regard.

17.     Ms. Loo Farris first made clear to the Deputy Chief of Mission that she felt that her work situation was being differently treated, due to her Asian-American background, early in 1999, and later in October 1999, to Ms. Davis, the Department's Chief EEO officer. She filed a formal EEO complaint on September 6, 2000.

18.     Later, after Ms. Loo Farris filed a formal complaint, she was investigated for

5

collecting separate maintenance support, while in fact she was living separately from her husband due to an involuntary separation. The officer who initiated such investigation was a person Ms. Loo Farris had complained to regarding discrimination.

19. Ms. Loo Farris was denied further assignments and postings based on retaliation for EEO complaints, which are statutorily protected activities. In particular, without limiting the foregoing, she was told that due to proceedings concerning the dispute of her separate maintenance allowance, she would not be able to be posted as Public Affairs Counselor in Beijing. She later was denied a posting in Riyadh as well. She bid for a position in Jakarta, which was withdrawn, even though, based on information and belief, there were no other candidates.

20. Given the investigation over separate maintenance allowance, in retaliation for Ms. Loo Farris' EEO complaints, Ms. Farris' career was effectively truncated, as her retirement is effectively being compelled. In the competitive arena of the U.S. Foreign Service, such an investigation effectively precludes further promotion.

21. Ms. Loo Farris pursued her EEO complaint administratively, until it was denied by an Administrative Law Judge. She has exhausted her administrative remedies and now seeks to bring this claim in U.S. District Court.

## CLAIMS FOR RELIEF

### COUNT ONE -- UNLAWFUL DISCRIMINATION

22. The allegations of the other paragraphs in this Complaint are here realleged.

23. Ms. Loo Farris has fulfilled all jurisdictional requirements for filing a Title VII action.

24. Defendant the Department of State unlawfully discriminated against Plaintiff based

6

on her race and gender by: (1) choosing a white male over her for the post of US NATO Political Counselor, (2) choosing a white male over her for the post of Political Advisor in the Netherlands, and (3) by denying her any multifunctional assignment. Each of these three actions represents unlawful discrimination under Title VII.

25. The stated grounds for choosing other candidates over Ms. Loo Farris and/or denying her these assignments, namely that proper procedures were followed and other candidates legitimately were selected for the positions, was a pretext to conceal that Defendant passed over Ms. Loo Farris in part or wholly based on her race and gender. Procedural irregularities support that the proffered reasons for non-selection were pretextual.

26. Without an opportunity for training and assignment, Ms. Loo Farris cannot compete for a promotion and will be compelled to retire from the U.S. Foreign Service, depriving her of years of service at a higher level and benefit level.

27. As a direct and proximate result of this wrongful discrimination, Ms. Loo Farris has suffered and continues to suffer injury including loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

28. On information and belief, the conduct by Defendant the Department of State was actuated by ill will, recklessness, and willful disregard of Ms. Loo Farris' rights. Defendant engaged in the conduct with reckless indifference to Ms. Loo Farris' rights.

WHEREFORE, Ms. Loo Farris demands judgment against Defendant, the Department of State, for all lost income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses,

reinstatement of her career in the U.S. Foreign Service and a forward assignment, training and/or promotion, and other damages in an amount to be determined at trial, in the amount of $1,000,000, or the statutory maximum, punitive damages as allowed by law, interest, and reasonable attorneys' fees and expenses, and costs, and such other relief as this Court considers proper.

### VIOLATION OF TITLE VII

### COUNT TWO – UNLAWFUL RETALIATION

29. The allegations of the other paragraphs of the Complaint are here realleged.

30. Ms. Loo Farris has fulfilled all jurisdictional requirements for filing a Title VII action.

31. Defendant discriminated against Ms. Loo Farris in part or wholly in retaliation for Ms. Loo Farris making an EEO complaint regarding Defendant's treatment of her to an Embassy officer in Bangkok, to an EEO Officer, and by filing a formal EEO complaint.

32. The stated grounds for investigating Ms. Loo Farris' separate maintenance payments, namely an investigation for waste, fraud and abuse, was a pretext for Defendant to retaliate against Ms. Loo Farris in part or wholly for making an EEO complaint. In particular, the primary officer she complained to in Bangkok initiated the investigation of Ms. Loo Farris.

33. The investigation into separate maintenance allowance payments effectively denied Ms. Loo Farris favorable forward assignments and opportunities for promotion, thus truncating her career and compelling her early retirement, presently scheduled, on information and belief, for September 2006.

34. This retaliation against Ms. Loo Farris is ongoing, and has manifested itself in other ways. For example, Ms. Loo Farris was denied a position as Public Affairs Counselor in Beijing,

8

purportedly due to the investigation over her separate maintenance allowance. Ms. Loo Farris bid for an immediately open position in Jakarata, which, based on information and belief, was withdrawn from consideration, even though, based on information and belief, there were no other candidates.

35.   Defendant Department of State would reasonably foresee and expect that an investigation over separate maintenance payments would derail Ms. Loo Farris' career.

36.   As a direct and proximate result of this wrongful conduct, Ms. Loo Farris has suffered and continues to suffer injury including loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

37.   On information and belief, the conduct by Defendant was actuated by ill will, recklessness, willful disregard of Ms. Loo Farris's rights. Defendant engaged in the conduct with reckless indifference to Ms. Loo Farris' rights.

WHEREFORE, Ms. Loo Farris demands judgment against Defendant, the Department of State, for all lost income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, anguish, loss of enjoyment of life, other nonpecuniary losses, reinstatement of her career in the U.S. Foreign Service and a forward assignment, training and/or promotion, and other damages in an amount to be determined at trial, in the amount of $1,000,000, or the statutory maximum, punitive damages as allowed by law, interest, and reasonable attorneys' fees and expenses, and costs, and such other relief as this Court considers proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                        Respectfully submitted,
                                        VIRGINIA LOO FARRIS

                                        By Counsel:

                                        GEORGE R.A. DOUMAR, PLLC

                                        By:  /s/ George R. A. Doumar
                                        George R.A. Doumar, Esq.
                                        (D.C. Bar #415446)
                                        2200 Wilson Boulevard,   Suite 800
                                        Arlington, VA 22201
                                        703-243-3737
                                        703-525-2489 (Facsimile)
                                        gdoumar@doumarlawgroup.com