UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIRGINIA FARRIS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 05-1975 (RMU) |
| | : | |
| v. | : | |
| | : | |
| CONDOLEEZZA RICE, | : | |
| Secretary of the Department of State, | : | |
| | : | |
| Defendant. | : | |

**STANDING ORDER FOR CIVIL CASES**[1]

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.**

It is the responsibility of both the attorneys and the court to "secure the just, speedy, and inexpensive determination of every action" in federal court.  FED. R. CIV. P. 1.  To ensure that this case is resolved fairly and without undue cost or delay, the court directs all counsel to familiarize themselves with the Federal Rules of Civil Procedure (particularly Federal Rules of Civil Procedure 16 and 26) and the Local Civil Rules of this court.[2]

In order to administer this case in a manner consistent with the highest quality of justice, it is **ORDERED** that the parties comply with the following requirements:

1. **SERVICE OF COMPLAINT & STANDING ORDER; REMOVED ACTIONS**

    The plaintiff must promptly serve the complaint on the defendant in accordance with Federal Rule of Civil Procedure 4, file proof of service in accordance with Local Civil Rule 5.3, and ensure that all parties receive a copy of this standing order.  A defendant removing an action to this court must refile as a supplement to the petition any answer or renotice any pending motion, and promptly ensure that all parties receive a copy of this

---

[1] Revised Dec. 2004.  This Order is available at www.dcd.uscourts.gov/RMUrbina-page.html.

[2] The Local Civil Rules are available at www.dcd.uscourts.gov/rules.html.

standing order.

2. **GUIDELINES FOR SUBMISSIONS**

The parties must ensure that motions and related submissions comply with Local Civil Rule 7. A party filing or opposing a motion must include a proposed order setting forth the relief or action sought. Pursuant to Local Civil Rules 7(h) and 56.1, a party filing a motion for summary judgment must include a statement of undisputed material facts, and a party filing an opposition thereto must include a statement of disputed material facts. With regard to format, submissions should be double-spaced, in 12-point Times Roman or Courier font, with page numbers and margins of no less than 1 inch. All citations must include exact page references (pincites). Memoranda of points and authorities in support of and in opposition to motions may not exceed 45 pages, and replies may not exceed 25 pages.

3. **COURTESY COPIES FOR CHAMBERS**[3]

Although the court generally does not accept courtesy copies, the parties must provide the court with a courtesy copy of a submission that:

a.  is more than 15 pages;
b.  includes exhibits or attachments totaling more than 5 pages;
c.  relates to applications for a preliminary injunction or temporary restraining order; or
d.  relates to matters set for hearing within the next 7 business days.[4]

Before delivering the courtesy copy to chambers, parties should file the original submission and, for submissions relating to matters set for hearing, indicate the hearing date on the courtesy copy and the delivery envelope.

---

[3] This paragraph does not apply to *in camera* submissions.

[4] A "business day" is any day that is not a Saturday, Sunday, or "legal holiday" as defined by Federal Rule of Civil Procedure 6(a).

4. **COMMUNICATIONS WITH CHAMBERS**

   Except as authorized in this order, the parties may not contact chambers by telephone. If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via conference call to avoid *ex parte* communications. Chambers may not provide legal advice of any kind.

5. **MOTIONS FOR EXTENSION OF TIME**

   Because the parties should work within the time frames set by court order, the court strongly discourages the filing of motions for extension of time. When good cause is present, however, the court will consider motions for extension of time that:

   a. are filed at least 4 business days prior to the deadline the motion is seeking to extend; and

   b. include:

      i. the number of previous extensions of time granted;

      ii. the good cause supporting the motion;

      iii. a statement of the effect that the granting of the motion will have on existing deadlines;

      iv. for a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply; and

      v. a statement of the opposing party's position on the motion.

6. **MOTIONS TO RESCHEDULE A HEARING**

   Because the parties should work within the time frames set by court order, the court also strongly discourages the filing of motions to reschedule a hearing. When good cause is present, however, the court will consider a motion to reschedule that:

   a. states the good cause supporting the motion;

   b. states the opposing party's position on the motion; and

   c. suggests 4 alternative dates and times that are convenient to both parties.

7.  **INITIAL STATUS CONFERENCE & SCHEDULING ORDER**

    The court will schedule an initial status conference after all defendants have answered the complaint. At the initial status conference, the court will issue a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16.4.

8.  **DUTY TO CONFER; LOCAL CIVIL RULE 16.3 REPORT**[5]

    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(a), the parties must confer at least 21 days before the initial status conference. The parties must file the report required by Local Civil Rule 16.3(d) at least 7 days before the initial status conference. Prior to addressing the matters listed in Local Civil Rule 16.3(c), the report should provide a one-paragraph statement of the case that describes the nature of the case, the identities of the parties, and the statutory basis of the court's jurisdiction for all causes of action and defenses.

9.  **DISCOVERY DISPUTES**

    The court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2. Before bringing a discovery dispute to the court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally. If, in what should be the unusual case, the parties are unable to resolve the dispute, they shall contact chambers to arrange for a telephone conference with the court. Before filing a motion relating to a discovery dispute, a party must obtain leave of the court. The court warns the parties that failure to follow these requirements will result in sanctions. Moreover, if the court is called upon to resolve a discovery-related motion, it will sanction the losing attorney (not the principal) pursuant to Federal Rule of Civil Procedure 37(a)(4).

---

[5] Although the duty-to-confer and reporting requirements do not apply to cases exempted by Local Civil Rule 16.3(b), the court encourages parties in exempted cases to confer and submit a report where doing so would promote efficient case management.

10. **SETTLEMENT**

The court expects the parties to evaluate their case for purposes of settlement and take steps accordingly. Toward that end, the parties may contact chambers to request mediation (via a magistrate judge, a private mediator, or the court's mediation program), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that may be tailored to the needs of the case.[6] If the case settles in whole or in part, the plaintiff's counsel must promptly alert the court by telephone.

11. **JOINT PRETRIAL STATEMENT**

Pursuant to Local Civil Rule 16.5(a) and (d)(5), the parties must file with the court a Joint Pretrial Statement at least 10 business days before the pretrial conference. In accordance with Local Civil Rule 16.5(b), the Joint Pretrial Statement must include:

  a. <u>a one-paragraph joint statement of the case</u> that describes the nature of the case, the identities of the parties, and the statutory basis of the court's jurisdiction for all causes of action and defenses;

  b. <u>a statement of claims</u> setting forth each claim a party has against any other party;

  c. <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;

  d. <u>a list of witnesses</u> (including expert and rebuttal witnesses) to be called by each party, accompanied by a brief description of each witness' expected testimony, followed by specific objections (if any) to each witness;

  e. <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends to offer during trial (except that if the total number of pages exceeds 25, the parties should submit the exhibits in a separate binder);

  f. <u>a designation of depositions</u> or portions thereof, identified by page and line number, to be offered in evidence by each party;

---

[6] For more information about avenues for alternative dispute resolution, parties may contact the Director of Dispute Resolution for the United States Courts for the District of Columbia Circuit at (202) 216-7350.

g.  <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought; and

h.  <u>a description of other relief</u> sought by each party.

In jury cases, the parties also must submit:

a.  proposed <i>voir dire</i> questions that indicate:
   i.   the <i>voir dire</i> questions on which the parties agree; and
   ii.  the <i>voir dire</i> questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

b.  <u>a list of proposed jury instructions</u>, followed by the text of each proposed instruction, that indicates:
   i.   the instructions on which the parties agree;
   ii.  the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
   iii. the proposed instruction's source (e.g., Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority;

c.  <u>any motions in limine</u>, with citations to legal authority, that the parties reasonably anticipate will arise at trial, accompanied by any oppositions and replies thereto;

d.  <u>any stipulations</u>, signed by each party; and

e.  <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

The parties must submit to chambers both a printed and an electronic (computer disk) copy of the Joint Pretrial Statement. With regard to format, the Joint Pretrial Statement should be double-spaced, in 14-point[7] Times Roman font, preferably in WordPerfect,

---

[7] Motions in limine and stipulations may be in 12-point font.

with margins of no less than 1 inch. The jury instructions section should be formatted so that each individual jury instruction begins on a new page. Finally, the printed copy should be three-hole punched, with each section separated by labeled tab dividers. The court expects the parties to visit the court's website or chambers to view a Joint Pretrial Statement exemplar.

12. **MOTIONS IN LIMINE**

    The court will entertain late motions for which there is a compelling explanation only if filed at least 8 business days prior to the date set for jury selection. Oppositions to late motions must be filed at least 5 business days prior to jury selection, and replies must be filed at least 4 business days prior to jury selection. The court will not consider motions in limine that relitigate issues already resolved by the court.

13. **TRIAL PROCEDURES**

    The following rules are intended to ensure that the trial proceeds with efficiency, dignity, and congeniality.

    a. <u>Schedule</u>: Unless the parties are otherwise notified, the court will convene the jury portion of the trial from 10:00 a.m. to 12:30 p.m. and 1:45 p.m. to 4:30 p.m., Monday through Friday. The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume.

    b. <u>General Courtroom Rules</u>: The court expects the parties to exercise civility at all times. Unless leave is otherwise granted, counsel shall –
        i. examine witnesses or address the jury from the lectern;
        ii. obtain permission before approaching a hostile or adverse witness;
        iii. stand when raising objections;
        iv. remain seated when the jury is entering or leaving the courtroom;
        v. remain in the courtroom once court is in session;
        vi. direct all statements to the court rather than to the opposing party; and
        vii. refer to all witnesses as "Mr." or "Ms." rather than first name or nickname.

    c.    *Voir Dire*: The court will conduct *voir dire* based on the proposed *voir dire* questions submitted by the parties, and, where warranted, will allow the parties to ask additional questions of propective jurors at the bench.

    d.    <u>Technical Equipment</u>: Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019.

    e.    <u>Motions or Objections During Trial</u>: With regard to motions to be resolved on the following trial day, the parties must submit motions to the court (by fax transmission to (202) 354-3392 or by hand-delivery) and the opposing party by no later than 7:00 a.m. on the trial day. The opposing party must submit its response (if any) to the court and the opposing party by no later than 7:45 a.m. on the same day. With regard to objections, the parties must state clearly and succinctly the legal basis for the objections. To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused. Parties should not request bench conferences in lieu of filing motions or raising objections. If a party plans to engage in a line of inquiry that requires judicial pre-approval, however, the party may seek a bench conference.

    f.    *Sua Sponte* <u>Jury Instructions</u>: If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the court with the text of the proposed instruction or else the court will consider the request waived. If a party would like the instruction included in the court's final instructions to the jury, that party bears the responsibility of making such a request to the court by no later than 4:00 p.m. on the day prior to the day on which the court will give the final instructions.

    g.    <u>Witnesses</u>: A party calling a witness must arrange for the witness' presence until cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness' testimony. Except in extraordinary circumstances, the court will not recess simply because a witness is unavailable. The court will endeavor to accommodate out-of-town and expert

        witnesses if counsel alerts the court ahead of time.

   h.    <u>Exhibits</u>: Parties who plan to tender exhibits must provide an exhibit list to the courtroom deputy. Exhibits should be marked by number (1, 2, 3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).

14.   **MOTIONS TO ALTER OR AMEND JUDGMENT**

Motions to alter or amend judgment (commonly known as motions for reconsideration) and oppositions thereto may not exceed 10 pages. Replies, if any, may not exceed 4 pages.

**SO ORDERED**.

                                    RICARDO M. URBINA
                                    United States District Judge