```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA
_____
                              )
VIRGINIA LOO FARRIS           )
                              )
              Plaintiff,      )
                              )
     v.                       )    Civil Action No. 05-1975(RMU)
                              )
CONDOLEEZZA RICE              )
Secretary of State            )
Department of State           )
                              )
              Defendant.      )
_____)
```

### OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

The plaintiff has filed a motion for default because the answer to the complaint was one-day late. The defendant opposes this motion for several reasons.

Rule 55(e) precludes default judgment against the United States or an officer or agency thereof unless the " . . . claimant establishes a claim or right to relief by evidence satisfactory to the Court." This the plaintiff has not and cannot do. This is a Title VII suit alleging that the plaintiff was the victim of discrimination because she is Asian-American and had engaged in prior civil rights activity. The EEOC which initially considered this claim granted the defendant summary judgment. Plaintiff has proffered no evidence that she is entitled to relief. Moreover, plaintiff's claim appears to be time-barred. Finally, plaintiff's claims for relief are precluded by statute, e.g. punitive damages, compensatory damages

in excess of the statutory cap. See O-J-R. v. Ashcroft, 216 F.R.D. 150, 152-153 (D.D.C. 2003).

The general standard in this Circuit for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure.  As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment."  Id. at 835.  The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. Jackson v. Beech, 636 F.2d at 835-36; Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987).  Moreover, when one seeks default against the government or its officers, the standard is significantly higher .Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53.

Applying the standards of Jackson and Rule 55(e), the plaintiff's motion should be denied.  First, as shown in defendant's accompanying motion for enlargement of time, the delay was due to an inadvertent error which defendant's counsel has acted promptly to cure.  Second, the one-day delay has not caused any prejudice to plaintiff.  Third, in view of the EEOC's resolution of plaintiff's administrative claim, defendant obviously has meritorious defenses.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
DIANE M. SULLIVAN, D.C. Bar #12765
Assistant United States Attorney
555 4TH St., N.W.,
Civil Division
Washington, D.C.  20530
(202) 514-7205