```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
_____
                              )
VIRGINIA LOO FARRIS           )
                              )
            Plaintiff,        )
                              )
     v.                       )    Civil Action No. 05-1975(RMU)
                              )
CONDOLEEZZA RICE              )
Secretary of State            )
Department of State           )
                              )
            Defendant.        )
_____)
```

## ANSWER

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The plaintiff has failed to timely or properly exhaust her administrative remedies.

### THIRD DEFENSE

The plaintiff failed to timely file her complaint.

### FOURTH DEFENSE

The defendant in response to the numbered paragraphs of the complaint states as follows:

1. Denied.

2. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the defendant admits that the Court has jurisdiction over Title VII claims once the statutory

prerequisites are met. The defendant denies that the prerequisites have been met, that this is a "FLSA" claim, or that the Court has jurisdiction over said claim.

3. The defendant admits that the venue is proper.

4. Admitted.

5. Admitted

6. Denied.

7. Denied.

8. Denied.

9. The defendant admits that Mr. Farris left Thailand in December 1998 and that he was medically cleared to return to Thailand in the fall of 1999. The defendant is presently without information sufficient to either admit or deny the medical recommendations to plaintiff and/or her husband. The remaining allegations of this paragraph are denied, except to note that plaintiff has no such "right" and that the defendant would have facilitated her reassignment to a post where her family could be together.

10. Denied, except to note that the plaintiff did bid on numerous positions, but they were not consistent with her training and experience.

11. The defendant admits that plaintiff was technically eligible to bid on the three positions, but they far exceeded her expertise and experience. The plaintiff bid on and was offered

the position of Public Affairs Officer in Athens, Greece which she turned down. The remaining allegations or any allegations inconsistent with the foregoing are denied.

    12. The defendant admits that the selectee was a lower grade than plaintiff, but denies that he had less experience, training, or skills for the position in question.

    13. The defendant cannot either admit or deny the allegations of this paragraph for lack of specific information. The defendant further notes that any Foreign Service Officer is more likely than not to be denied positions as part of the protracted bidding process.

    14. Denied.

    15. The defendant does not know which study the plaintiff references. Therefore, the defendant does not have sufficient information to either admit or deny the allegations.

    16. The defendant does not know which study the plaintiff references. Therefore, the defendant does not have sufficient information to either admit or deny the allegations.

    17. The defendant admits that plaintiff had a conversation with the Deputy Chief of Mission concerning the perception that she was being treated differently due to her Asian-American background. The defendant admits that plaintiff filed a formal EEO complaint on September 6, 2000, but denies any knowledge of plaintiff's conversations with the Department's EEO Officer.

18. The defendant admits that the Deputy Chief of Mission referred her case to the Regional Security Officer for possible separate maintenance fraud.

19. The defendant denies that the actions taken were the result of retaliation for EEO complaints.

20. Denied.

21. Denied as stated.

22. The defendant incorporates by reference herein the answers to paragraphs 1-21.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

The unnumbered paragraph following paragraph 28 is a prayer for relief as to Count 1. The defendant denies plaintiff is entitled to the relief sought or to any relief whatsoever. Further, the defendant denies that plaintiff is entitled to compensatory damages in excess of $300,000 or that she is entitled to punitive damages.

29. The defendant incorporates by reference herein answers to paragraphs 1-28.

30. Denied.

31.  Denied.

32.  Denied.

33.  Denied, except to note that plaintiff would not be considered for certain high level positions while proceedings at the Department of Justice regarding the separate maintenance fraud were being resolved.

34.  The defendant denies that any action was taken against plaintiff in retaliation for protected EEO activity.  Plaintiff's assignment to Beijing was denied by Diplomatic Security.  The position in Jakarta was withdrawn from the 2005 bidding list because of an insufficient pool of bidders.

35.  Denied.

36.  Denied.

37.  Denied.

The remainder of the complaint is plaintiff's prayer for relief as to Count II.  The defendant denies that the plaintiff is entitled to the relief sought or to any relief whatsoever.  Further, the defendant denies that plaintiff is entitled to compensatory damages in excess of $300,000 or that she is entitled to punitive damages.

WHEREFORE, the defendant requests that the Court dismiss the Complaint together with costs and grant to the defendant any other relief it deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
DIANE M. SULLIVAN, D.C. Bar #12765
Assistant United States Attorney
555 4TH St., N.W.,
Civil Division
Washington, D.C.  20530

OF COUNSEL:
MELINDA CHANDLER
Office of the Legal Advisor
Department of State

6