UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| VIRGINIA FARRIS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1975 (RMU) |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| CONDOLEEZZA RICE, | : | | |
| Secretary of the Department of State, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM ORDER

### DENYING THE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the court is the plaintiff's motion for judgment by default. The plaintiff brings this Title VII action alleging that the defendant failed to select the plaintiff for certain positions and retaliated against her. After the time for answering the complaint passed, the plaintiff filed a motion for entry of judgment by default. Because the plaintiff failed to first seek the entry of default prior to seeking a default judgment, the court denies the plaintiff's motion for judgment by default.

### A. Legal Standard for Entry of Default Judgment

Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment. FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also* 10A FED. PRAC. & PROC. CIV. 3d § 2682 (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. FED. R. CIV.

P. 55(a). Second, following the clerk's entry of default, and where the plaintiff's claim is not for a sum certain,[1] the plaintiff may apply to the court for entry of default judgment. *Id.* 55(b)(2). By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment. FED. R. CIV. P. 55(b), (c); *see also Meehan,* 652 F.2d at 276 (noting that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside").

   B.   **The Court Denies the Plaintiff's Motion for Entry of Default Judgment**

By filing her motion for default judgment without first requesting default, the plaintiff has proceeded to step two of the default judgment process without completing step one. FED. R. CIV. P. 55. Because "entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course," the court denies the plaintiff's motion. *Meehan*, 652 F.2d at 276 n.5.

   C.   **Counsel's Conduct**

The court finds it both necessary and prudent to address the brief yet troubling procedural history of this case. Because the defendant was served a copy of the plaintiff's complaint on November 3, 2005, the government's answer or otherwise responsive pleading was due by January 3, 2006. FED. R. CIV. P. 12 (a). On December 13, 2005, the defendant filed a motion for an extension of time within which to file its answer until January 17, 2005. That same day, the court denied the defendant's motion, stating that "[t]he assigned [AUSA's] vacation plans do not

---

[1] Rule 55(b)(1) provides that "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount[.]"

provide a sufficient justification for an extension of time, particularly in light of the generous 60 day window within which to file." Minute Order (December 13, 2005). On January 4, 2006, one day after the defendant's answer was due, the defendant filed a motion for a one-day extension of time within which to file its answer. Also, the plaintiff filed a motion for default judgment and the defendant filed an opposition thereto.

The defendant's lateness in filing its answer was due to factors outside of the defendant's control and the defendant made a good-faith attempt to comply with the court's direction that it respond within the 60 day time period allotted by the Federal Rules of Civil Procedure. For this reason, the court granted the defendant's motion for an extension of time and accepted its answer one day late. Minute Order (January 6, 2006).

The plaintiff's motion for default judgment suffers two infirmities. First, as previously discussed by the court, plaintiff counsel, presumably in a rush to file its motion for default judgment before the government filed its motion for an extension of time to file its answer, failed to follow the proper legal standard governing default and default judgment procedures. Second, plaintiff counsel's quick filing of its motion for default judgment indicates an unwillingness on plaintiff counsel's part to work collectively with opposing counsel regarding court procedures and the court's civil standing order.

The rigors of federal litigation are taxing enough on litigants without counsel engaging in motions practice designed to fuel animosity. Though the civil rules permit the plaintiff to file a wide array of motions (including its motion for default judgment), the court directs both counsel

to work cooperatively with one another in navigating their clients through this litigation.[2] This court, and the federal rules, require it. FED. R. CIV. P. 1; FED. R. CIV. P. 11 (b)(1); Civil Standing Order (January 13, 2005).

For the reasons set forth above, it is this 17th day of January, 2006, hereby

**ORDERED** that the plaintiffs' motion for judgment of default is **DENIED.**

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[2] During the court's adjudication of this case, should plaintiff counsel need any assistance from defendant counsel, plaintiff counsel's conduct will likely serve as the measure of defendant counsel's willingness to assist. Stated differently, plaintiff counsel's cooperation with defendant counsel will pay dividends to the plaintiff and plaintiff counsel throughout the course of this litigation.