```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
VIRGINIA LOO FARRIS           )
                              )
            Plaintiff,        )
                              )
    v.                        )   Civil Action No. 05-1975(RMU)
                              )
CONDOLEEZZA RICE              )
Secretary of State            )
Department of State           )
                              )
            Defendant.        )
_____)
```

## DEFENDANT'S MOTION TO STAY DISCOVERY

### Introduction

The defendant moves the Court to stay discovery in this case.[1] Plaintiff alleges discrimination and retaliation in violation of Title VII. Plaintiff's complaint involves numerous allegations of discriminatory and retaliatory non-selections for various assignments over a protracted period of time. The Court denied plaintiff's motion for a preliminary injunction. The defendant filed a motion for summary judgment which has been fully briefed and is pending before the Court.

### ARGUMENT

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639,

---

[1] Plaintiff opposes this motion.

494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that when

> the determination of a preliminary question may
> dispose [of the claims against a party],
> applications for discovery may properly
> be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of

a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided.  See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

    Here, in particular, further discovery should be stayed.  The plaintiff had an opportunity to take critical discovery at the administrative level.  A ruling on defendant's motion may eliminate the need for any discovery, substantially limit the issues before the Court, or significantly limit the scope of discovery.  The defendant should not have to invest the time and expense of engaging in discovery before the motion is decided.  Many witnesses or potential witnesses are assigned to the U.S. mission overseas making such discovery more expensive and burdensome than usual.

    Wherefore, it is requested that a stay of all discovery proceedings until this Court rules on defendant's dispositive motion.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205