UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| VIRGINIA FARRIS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1975 (RMU) |
| | : | | |
| v. | : | Document No.: | 23 |
| | : | | |
| CONDOLEEZZA RICE, | : | | |
| Secretary of State, | : | | |
| Department of State, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Currently before the court is the defendant's motion for summary judgment. The plaintiff, Virginia Farris, is a former employee of the United States Foreign Service (the "defendant"), a branch of the United States Department of State. Farris, an Asian-American woman, brings this case alleging unlawful discrimination and retaliation. Specifically, she claims that the U.S. Foreign Service improperly failed to select her for certain positions within the agency and, when she complained, retaliated against her by investigating her and denying her training and various assignments.

In September 2006, through operation of a statutory provision triggered by Farris's failure to attain a promotion within seven years, and after this court denied a motion for judicial intervention, the plaintiff was involuntarily retired. Now, before the case has proceeded through any discovery, the defendant asks the court for summary judgment claiming that the plaintiff has failed to demonstrate a prima facie case of either discrimination or retaliation. Because summary judgment is generally inappropriate before a period of discovery and because the plaintiff is

entitled to discovery, the court denies the defendant's motion for summary judgment.

## II.  BACKGROUND

### A.  Factual Background

Farris is a former Public Affairs Counselor at the American Embassy in Bangkok, Thailand. Compl. ¶ 5. In 1998, the United States Ambassador to Thailand revoked Farris's spouse's diplomatic status, forcing him to leave Thailand. *Id.* ¶ 6; Def.'s Opp'n at 3. According to the defendant, the U.S. Ambassador took this action after learning that Farris's husband was abusing her. Def.'s Opp'n at 3.

In an effort to reunite with her husband, Farris sought alternative employment positions within the Foreign Service. Compl. ¶ 10. Among these, the plaintiff applied for the positions of Deputy Principle Officer, Consular Affairs Officer, Officer Director, and Public Affairs Counselor. *Id.* The defendant did not hire the plaintiff for any of these positions. *Id.* ¶ 11; Def.'s Opp'n at 3-4.

The plaintiff alleges that the Foreign Service discriminated against her based on her gender and race. *Id.* ¶ 14. The plaintiff expressed these concerns to the Deputy Chief of Mission and the Department's Chief Equal Employment Opportunity Officer in 1999. *Id.* ¶ 17. In 2000, she filed a formal EEO complaint. *Id.* The plaintiff alleges that because she filed the EEO complaint, the defendant retaliated against her by investigating certain of her activities. *Id.* ¶ 18. Also, she claims that the defendant denied her further assignments and postings. *Id.*

### B.  Procedural Background

An Administrative Law Judge rejected the merits of the plaintiff's EEO complaint. *Id.* ¶ 21. The plaintiff, therefore, filed the instant case on October 5, 2005. *Id.* The plaintiff filed a

motion for a preliminary injunction on September 5, 2006, seeking to prevent the defendant from discharging her from her job. Pl.'s Mot. at 14. The court denied that motion on September 25, 2006. Mem. Op. (Sept. 25, 2006). Immediately thereafter, the defendant filed its motion for summary judgment, to which the court now turns.

### III.   ANALYSIS

#### A.   Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to

the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The moving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record, *Green*, 164 F.3d at 675 (quoting *Harding v. Gray*, p F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Green*, 164 F.3d at 675.

Finally, the D.C. Circuit has directed that because it is difficult for a plaintiff to establish proof of discrimination, the court should view summary-judgment motions in such cases with special caution. *See Aka v. Wash. Hosp. Ctr.*, 116 F.3d 876, 879-80 (D.C. Cir. 1997), overturned on other grounds, 156 F.3d 1284 (D.C. Cir. 1998) (en banc); *see also Johnson v. Digital Equip. Corp.*, 836 F. Supp. 14, 18 (D.D.C. 1993).

### B. The Court Denies the Defendant's Motion for Summary Judgment

Generally, to prevail on a claim of employment discrimination under Title VII, a plaintiff must follow a three-part burden-shifting analysis generally known as the *McDonnell Douglas* framework. *Chappell-Johnson v. Powell*, 440 F.3d 484, 487 (D.C. Cir. 2006). The Supreme Court explained the framework as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection" . . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination . . . . The ultimate

>     burden of persuading the trier of fact that the defendant intentionally discriminated
>     against the plaintiff remains at all times with the plaintiff.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations omitted) (quoting *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)).

"Given the Supreme Court's emphasis on flexibility," the D.C. Circuit has adopted a relaxed prima facie requirement. *Chappell-Johnson*, 440 F.3d at 488 (citing *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)). In this jurisdiction, therefore, to demonstrate a prima facie case of discrimination, the plaintiff must establish that "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Brody*, 199 F.3d at 452.

To survive a motion for summary judgment, even at the pre-discovery stage, the plaintiff must satisfy her prima facie case with regard to the first two *Brody* prongs. *Chappell-Johnson*, 440 F.3d at 488. Here, the plaintiff satisfies this burden with ease; indeed, she alleges membership in a protected class as an Asian-American woman, Compl. ¶ 4, and alleges an adverse employment action through rejection of numerous applications for various government positions, Compl. ¶¶ 10-20; *Chappell-Johnson*, 440 F.3d 484.

With regard to the third-prong, holding a plaintiff "to a particular method of raising an 'inference of discrimination' is especially inappropriate" at the pre-discovery phase of litigation, *id.* at 488, because "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case," *Swierkiewicz*, 534 U.S. at 512. For this reason, the plaintiff opposes summary judgment by moving for discovery pursuant to Federal Rule of Civil Procedure 56(f) so that she may have an opportunity to further develop her claims through discovery of additional supporting evidence.

5

Pl.'s Opp'n at 10.  As discussed below, the court agrees with the plaintiff.

### 1.  Legal Standard for Discovery Under Rule 56(f)

Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, (D.C. Cir. 1981).  "[T]he purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).  Whether the circumstances warrant a continuance to permit discovery is a decision that falls within the discretion of the district court. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002).

A non-moving party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); *see also Hotel & Rest. Employees Union, Local 25 v. Attorney Gen.*, 804 F.2d 1256, 1269 (D.C. Cir. 1986) (noting that this affidavit requirement helps "prevent fishing expeditions"), *vacated on other grounds*, 808 F.2d 847 (D.C. Cir. 1987).  The non-moving party bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion.  *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999).  The non-moving party must show a reasonable basis to suggest that discovery would reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage*

*Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999). "It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." *Byrd*, 174 F.3d at 248 n.8 (internal citations omitted); *see also Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative").

### 2.    The Plaintiff has Demonstrated a Need for Discovery

The court begins its analysis by noting that much of the plaintiff's claims of matters in dispute are borne from speculation and are, therefore, an inappropriate consideration for the court in assessing whether the plaintiff has demonstrated a need for discovery. *See e.g.*, Pl.'s Opp'n at 8 (speculating, for example, "[w]hether and to what extent [Farris's] personal issues were discussed within the State Department, and whether such discussion was in retaliation for her EEO complaint"). Nevertheless, the plaintiff also points to evidence which loosely suggests discrimination and which, for the time being, provides a sufficient modicum for an inference of discrimination. This, in turn, makes a period of discovery appropriate. *Swierkiewicz*, 534 U.S. at 512. The court cites several examples of factual disputes between the parties which present sufficient evidentiary support for the plaintiff's request for additional discovery.

First, the plaintiff applied for a position as a Political Counselor to the USNATO in 2000. Pl.'s Opp'n at 16. A white male officer named Andrew Goodman was ultimately selected for the position, Compl. ¶ 12; Def.'s Mot. at 9-11, even though Goodman was allegedly junior "in grade, training, and experience," Compl. ¶ 12. The plaintiff produces an e-mail to her from an individual named Robert Hall, who casts doubt on the candidacy of Goodman for the Political Counselor position. Pl.'s Opp'n Ex. 8. Hall doubts Goodman's popularity and suggests that with his qualifications, "Goodman getting the job would be a stretch." *Id.* Although implying

from this scant statement that Goodman's ultimate selection over Farris was discriminatory is itself a stretch, the evidence nevertheless suffices for the relaxed requirements, at this early stage in the litigation, to suggest that discovery would reveal triable issues of fact. *Carpenter*, 174 F.3d at 237. The statements made by Hall could be construed as wholly innocuous with equal ease as they could be construed as suggesting discrimination.[1] Nevertheless, this line of inquiry represents an example of the type of inquiry that the plaintiff should be entitled to explore through discovery.

Second, and also with regard to the USNATO position, the plaintiff puts forth evidence suggesting that individuals situated in a lower rank or seniority are not eligible for assignment to the position unless "no officer of the required rank and eligibility to fill a given position has bid on the assignment." Pl.'s Opp'n at 16. The plaintiff supports this contention with a statement from the then-Deputy Director of the Office of Career Development and Assignment in the Department of State's Bureau of Human Resources indicating that positions are opened for application to lower ranked employees when the "senior-level assignment cannot be filled by a senior-level officer." *Id.* Ex. 7 at 5. Farris produces evidence that at the time she bid for the position, she was a senior-level official. *Id.* Furthermore, she produces evidence suggesting that Goodman was a lower ranked officer. *Id.* Ex. 8 (suggesting that "Goodman getting the job would be a *stretch*[2]"); *Id.* Ex. 5.

---

[1] The court notes that such evidence may alone create a sufficient triable issue for a jury warranting a denial of summary judgment. *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999) (noting that at summary judgment, "the weighing of evidence generally . . . is the exclusive domain of the finder of fact").

[2] The use of the term stretch in this context may constitute a double entendre. Though the statement could colloquially mean that Goodman getting the job would be unlikely, presumably as used in this context the term 'stretch' refers to an instance in which "an officer is assigned to a position that calls for a different grade." Pl.'s Opp'n Ex. 7 at 5.

The defendant counters that department regulations "permit an assignment of an officer who is not in the Senior Foreign Service into a Senior Foreign Service position." Def.'s Mot. at 9. The plaintiff explicitly seeks discovery of the agency procedures in place at the time of her non-selection. Pl.'s Opp'n at 18-19. And, because the plaintiff has produced evidence which suggests that agency policy precluded Goodman's candidacy because a senior official had applied, the plaintiff is entitled to discovery on this point.

The plaintiff cites a few other anomalies in the selection process for the various positions for which she applied. Pl.'s Opp'n at 21, 23, 24-26, 28. And while the defendant has proffered its own justifications for these occurrences, *see* Def.'s Mot. at 12, 14-16, the court must construe the factual disputes in the plaintiff's favor. *Anderson*, 477 U.S. at 255. The court concludes that the factual record in this case is highly underdeveloped. That fact, however, is at this juncture attributable to the lack of any discovery, not necessarily to a lack of any valid claims. *See Swierkiewicz*, 534 U.S. at 512.

Following discovery in this case, the defendant may again move for summary judgment. At that time, the court will consider whether the plaintiff has satisfied its burdens in defeating summary judgment.

### IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for summary judgment. An order instructing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of June 2007.

RICARDO M. URBINA  
United States District Judge